IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-211-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JARRED DANIEL WOOD,

    Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Jarred Daniel Wood's *pro se* Motion for Compassionate Release ("Motion"). (ECF No. 57.) The Government filed an opposition brief. (ECF No. 62.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

In October 2017, Wood pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, and use, carry, and possession a firearm during and in relation to a drug trafficking offense. (ECF No. 31.) In April 2018, the Court sentenced him to a term of imprisonment of 96 months' imprisonment on count 1 and, as required by stature, to a mandatory 60 months' imprisonment on count 2, to run consecutively. (ECF No. 52.)

In December 2023, Wood filed the instant motion. (ECF No. 57.) The Government filed an opposition brief. (ECF No. 62.)

## II.     ANALYSIS

Wood appears to reference the Court's authority to grant what is commonly referred to as "compassionate release."  Under section 3582(c)(1)(A), a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ."  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction.  *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under section 3582(c)(1)(A).  *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if a defendant has administratively exhausted their claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*  A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements.  *Id.* at 1043.  But all requirements must be addressed when the court grants a motion for release under the statute.  *Id.*

In short, to have Wood released from confinement immediately under this authority, the Court would need to re-sentence him to time served (*i.e.*, approximately 80 months). To merit such relief, Wood must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i).

Although Wood cites various provisions in the statutes governing compassionate release, he does not advance argument as to any of them. (*See generally* ECF No. 57.) For instance, Wood cites section 1B1.13(b)(4), entitled "Victim of Abuse," but he does actually allege that he is a victim of any abuse. (*Id.* at 2.) Furthermore, he asserts that a district court must hold a hearing "when a movant presents a colorable Sixth Amendment Claim," but he again does not suggest that he has presented such a claim. (*Id.* at 3.) Likewise, Wood declares that "[t]he court is statutorily authorized to appoint counsel in a habeas case if justice so requires, (*id.* at 4 (citing 18 U.S.C. § 3006(a)(2)(B)), but he says nothing more on this point.

The Government responds that Wood "has not articulated what relief he is seeking" but goes on to interpret his Motion as seeking the appointment of counsel. (ECF No. 62 at 1.) The Government also offers argument opposing relief to the extent Wood argues that he is entitled to a sentence reduction under Amendment 821.

The Court is mindful that it must construe Wood's Motion liberally, as he proceeds *pro se*. *Hall v. Bellmon*, 935 F.2d 935, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But the Court is equally cognizant that it need not "comb the record and craft arguments [the defendant] did not make." *United*

3

*States v. Maldonado*, 2023 WL 8097096, at *3 (D. Colo. Nov. 21, 2023); *Hall*, 935 P.2d at 1110 ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."), *cited with approval in United States v. Griebel*, 312 F. App'x. 93, 97 (10th Cir. 2008). Thus, because Wood does not clearly advance any specific argument for relief in his Motion, the Court summarily denies it. *United States v. Nemeckay*, 2021 WL 5961463, at *2 n.18 (D. Utah Dec. 16, 2021) (declining to consider undeveloped arguments).

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Wood's Motion (ECF No. 57).

Dated this 6th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge